IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2007 DEC -5  P 12: 47

| | |
|---|---|
| Jason Cannady, #200706038, ) | |
| ) | |
| Plaintiff, ) | 3:07cv3725 |
| ) | Civil Action No. 6:07-355 |
| v. ) | |
| ) | **ORDER** |
| Garry Bryant; ) | |
| Wally Hampton; ) | |
| Karen Black; ) | |
| Joey Preston, ) | |
| ) | |
| Defendants. ) | |



This matter is before the Court upon the *pro se* Plaintiff's complaint, brought pursuant to 42 U.S.C. § 1983. The record contains a report and recommendation of a United States Magistrate Judge ("R&R"), which was made in accordance with 28 U.S.C. § 636(b)(1)(B). In the R&R, the Magistrate Judge recommends that the Court dismiss the Plaintiff's complaint without prejudice and without issuance and service of process for failure to state a claim against the named Defendants. The Plaintiff filed timely objections to the R&R. See 28 U.S.C. § 636(b)(1) (stating that a party may object, in writing, to an R&R within ten days after being served with a copy of that report).

## STANDARD OF REVIEW

This court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portions of the R&R to which objections are made and the basis for those objections. Id. After a review of the entire record, the R&R, and

the Plaintiff's objections, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the Court adopts the R&R in whole and incorporates it by specific reference into this Order.

## DISCUSSION

On November 14, 2007, the Plaintiff filed a complaint against the named Defendants challenging the conditions of his confinement at the Anderson County Detention Center ("ACDC"). In his complaint, the Plaintiff asserts that he has filed several grievances but has not received a final answer. In the "statement of claim" section, the Plaintiff alleges a laundry list of prison conditions issues at the ACDC related to overcrowding and unsanitary living conditions. However, as the Magistrate Judge points out in the R&R, nowhere in his complaint does the Plaintiff state how the named Defendants are involved in his prison conditions claims. Other than the listing of the Defendants in the caption of his complaint, there is no other reference to the Defendants. Moreover, the only specific reference in the complaint to the Plaintiff is the allegation that he has suffered headaches since coming to the ACDC.

In his objections to the Magistrate Judge's R&R, the Plaintiff states that his complaint "has numerous merits for denial of medical attention, cruel and unusual punishment and also the deliberate indifference standard." (Obj. at 1.) The Plaintiff also states that "all of the listed defendants are at fault;" however, nowhere in his objections does the Plaintiff set forth any specific factual allegations against the named Defendants. Therefore, the Court agrees with the Magistrate Judge that the Plaintiff has failed to state a claim against the named Defendants. Stated differently, although the Court is required to liberally construe the Plaintiff's *pro se* documents, even the requirement of liberal

construction does not mean that the Court can ignore the clear failure in the pleadings to allege any facts in support of a § 1983 claim against the named Defendants.

## CONCLUSION

For the reasons stated herein, the Court adopts the R&R as the Order of the Court, and it is

**ORDERED** that the Plaintiff's complaint is dismissed without prejudice and without issuance and service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and (ii).

**IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

December 5, 2007
Charleston, South Carolina